IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GEORGE | No. C 05-00955 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| INTERNAL REVENUE SERVICE, et al. | |
| Defendants. | |

## I.  INTRODUCTION

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants State of California Franchise Tax Board ("FTB") and its compliance representative Sharon Jones, move to dismiss Richard George's ("Plaintiff") Complaint alleging civil rights and due process violations.  For the reasons set forth below, the FTB and Jones' motion to dismiss is **GRANTED**.

## II.  FACTUAL BACKGROUND

On February 14, 2005, Plaintiff filed a complaint for declaratory relief, equitable relief, and injunctive relief in the Superior Court of California, San Mateo County, against the Internal Revenue Service ("IRS"), its revenue officer Jane Allen, the FTB, and Jones.  Plaintiff claims civil rights and due process violations in the assessment and collection of his federal and state taxes.  Specifically, Plaintiff alleges that the IRS and FTB did not provide him with notice or opportunity to be heard regarding the assessment of his taxes.  The IRS removed the case to federal court on March 7, 2005. On March 21, 2005, Plaintiff filed an Amended Complaint.

///

### III. LEGAL STANDARD

A court may dismiss a complaint pursuant to FED. R. CIV. PROC. 12(b)(6) for either lack of a cognizable legal theory or the pleading of insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must take all of the material allegations in plaintiff's complaint as true, and construe them in the light most favorable to plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Moreover, a complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Id*.

Furthermore, it is well established that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Courts will not infer evidence supporting federal subject matter jurisdiction. Therefore, dismissal under FED. R. CIV. PROC. 12(b)(1) is appropriate where subject matter jurisdiction has not been properly pled on the face of the complaint.

### IV. ANALYSIS

The FTB and Jones argue that the Tax Injunction Act, 28 U.S.C. § 1341, divests the Court of jurisdiction to hear Plaintiff's equitable claims. As a general matter, the Tax Injunction Act is regarded as a "broad jurisdictional barrier" to federal courts' consideration of state taxation issues. *Moe v. Confederated Salish and Kootenai Tribes of Flathead Reservation*, 425 U.S. 463, 470 (1976). The Act states that "district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341.

In *California v. Grace Brethren Church*, the Supreme Court made clear that even when a challenge to a state tax raises federal questions, those challenges nonetheless properly belong in a state court, because the "federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts." 457 U.S. 393, 410 (1982). In *Grace Brethren*, California religious schools and churches sought to enjoin state tax officials from collecting state unemployment tax in violation of their First Amendment rights. *Id*. at 396. The *Grace Brethren* court held that the Tax Injunction Act deprived the court of jurisdiction.

*Id*. The Court found that the California remedy for seeking tax relief was plain, speedy and efficient because taxpayers had an opportunity to seek a full hearing at which they could raise any and all constitutional objections to the tax. *Id.* at 417.

Here, the Court finds that under *Grace Brethren*, the district court is not the proper form for any challenge Plaintiff may have regarding the validity of the FTB's tax assessments. California clearly offers a "plain, speedy and efficient remedy" in its courts for tax appeals. *See Grace Brethren,* 457 U.S. at 417; *see also Jerron West, Inc. v. State of California Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997). Plaintiff's proper course of conduct is to pursue his state administrative remedies,[1] and once he has exhausted those remedies, he should bring a post-payment refund action in California state court. *See Grace Brethren*, 457 U.S. at 413-14.[2]

## CONCLUSION

Because the Court lacks jurisdiction under the Tax Injunction Act to hear Plaintiff's equitable claims, the Court **GRANTS** the FTB and Jones' motion to dismiss Plaintiff's Amended Complaint without prejudice to refiling in state court.



**IT IS SO ORDERED.**

Dated: April __28__, 2005         /s/
                                  MARTIN J. JENKINS
                                  UNITED STATES DISTRICT JUDGE

---

[1] The Amended Complaint does not allege facts demonstrating that Plaintiff has exhausted the FTB's administrative procedures.

[2] Furthermore, Plaintiff's motion for sanctions against Defendants' attorneys pursuant to Rule 11(c) is **DENIED**.

3