1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RICHARD GEORGE,                          No. C05-0955 MJJ

12              Plaintiffs,                    **ORDER DENYING PLAINTIFF'S**
                                              **MOTION FOR LEAVE TO AMEND**
13        v.

14   INTERNAL REVENUE SERVICE, et al.,

15              Defendant.
     _____/
16

17                            **INTRODUCTION**

18        Before the Court is Plaintiff Richard George's ("Plaintiff" or "George") Motion for Leave to

19   File an Amended Complaint.[1]  Defendants United States, Internal Revenue Service ("IRS") Officer

20   Jane Allen ("Allen"), and Treasury Secretary John Snow ("Snow") (collectively, "Defendants")

21   oppose the motion.  For the following reasons, the Court **DENIES** Plaintiff's motion for leave to file

22   a Fourth Amended Complaint.

23                         **FACTUAL BACKGROUND**

24        On February 14, 2005, Plaintiff, as a *pro se* litigant, filed suit against Defendants in the

25   Superior Court of California in the County of San Mateo alleging various violations determining and

26   collecting taxes.[2]  On March 7, 2005, Defendants removed the action to this Court.[3]  Plaintiff now

27   _____

28        [1]Docket No. 90, Filed June 5, 2006.

          [2]Docket No. 1, Filed March 7, 2005.

          [3]Docket No. 1, Filed March 7, 2005.

**United States District Court**
For the Northern District of California

seeks leave to file a Fourth Amended Complaint to include additional information and claims.[4] Plaintiff maintains that the additional information and claims are based, in part, on the contents of Defendants' substantive response to Plaintiff's previous request for documents pursuant to the Freedom of Information Act ("FOIA").  Plaintiff argues that the timing of Defendants' FOIA response precluded Plaintiff from including the additional information and claims in his operative complaint.  Plaintiff filed the operative complaint on September 8, 2005.  Defendants' substantive FOIA response was not completed until May 4, 2006.

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course before a responsive pleading is served, after that the party may amend the pleading only by leave of court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Additionally, Rule 15(a) instructs the Court that, "leave shall be freely granted when justice so requires."  *Id.*  The Supreme Court has made it clear that courts are to carefully heed this mandate.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Moreover, "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  In determining whether to grant leave to amend, the Court considers the following factors: (1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment.  *Id.*  While each of these factors is relevant to determining the propriety of leave to amend, the crucial factor is the resulting prejudice

United States District Court

For the Northern District of California

---

[4]On June 5, 2006, Plaintiff filed a written Demand for Trial by Jury. (Docket No. 91.)  Plaintiff claims that this demand is timely because Plaintiff "reserved all rights" in a previous complaint and, in the alternative, asks the court to excuse his untimeliness because he is a *pro se* plaintiff.  Defendants opposes the demand, arguing that Plaintiff's demand is not timely.  Defendants contend that Plaintiff's demand was not filed within 10 days after the service of the last pleading. Generally there is a presumption against waiver of the constitutional right to a trial by jury, but this right may be waived if a plaintiff fails to file a timely demand in writing. Fed. R. Civ. Pro. 38(b)(d); *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc*. 250 F.3d 1077, 1083 (7th Cir. 2001).  Despite a plaintiff's untimely demand, the district court has the discretion to grant a plaintiff's request upon demand.  Fed. R. Civ. Pro. 39(b).  However, a plaintiff's "oversight or inadvertence . . . is not a sufficient basis to grant relief from an untimely jury demand."  *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) .  In this case, Plaintiff failed to file a timely written demand.  The Court is unable to excuse Plaintiff's failure to file in a timely manner.  Additionally, all of Plaintiff's claims which could give rise to a jury trial, have been adjudicated through this Court's Order granting summary judgment in favor of Defendants.  Thus, the jury trial issue is moot.  As such, this Court **DENIES** Plaintiff's Demand for a Trial by Jury.

2

to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Thus, if the party opposing the motion fails to establish any of these factors, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

### ANALYSIS

Plaintiff argues that "justice so requires" that he be allowed file a Fourth Amended Complaint. Plaintiff contends that Defendants will not be prejudiced by this amendment and, therefore, the motion should be granted. Defendants oppose Plaintiff's motion on several grounds. Specifically, Defendants argue that Plaintiff's motion should be denied because Plaintiff had multiple chances to cure deficiencies through previous amendments and because Plaintiff's proposed amendments would be futile. Defendants also insist that Plaintiff makes this motion in bad faith and that it would cause undue delay.

Generally, the court engages in this analysis with all inferences in favor of granting the motion to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). In situations where more than one amended complaint has been filed, the district court may deny "a motion to amend a complaint . . . when the movant presented no . . . satisfactory explanation for his failure to fully develop his contentions originally." *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 570-71 (9th Cir. 1987). A court denying a motion for leave to amend is required to make legal findings in support of the denial. *Foman*, 371 U.S. at 182.

In *Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) the Ninth Circuit upheld a district court's dismissal of the plaintiff's complaint without allowing him to amend. The case involved a plaintiff who had previously amended his complaint, claiming a violation of 42 U.S.C. § 1983 against the city. In affirming the district court's dismissal, the Ninth Circuit found that the district court had "broad discretion" to deny leave to amend when the plaintiff had been given opportunity to amend previously, especially when those amendments would be futile. *Allen*, 911

United States District Court
For the Northern District of California

F.2d at 373-74.

This Court's Local Rules of Practice in Civil Proceedings state, "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Civil L.R. 10-1. In the present motion, Plaintiff did not "reproduce the entire proposed pleading" with his motion as specified in this Court's Local Rules. *See* Civil L.R. 10-1. Instead, Plaintiff incorporated parts of his proposed amendments within the body of his motion to amend. *See id.* Despite Plaintiff's failure to follow the Local Rules, the Court will consider the proposed amendments contained within Plaintiff's pending motion. Specifically, Plaintiff seeks to make two amendments within his proposed Fourth Amended Complaint: (1) an allegation for a violation of 26 U.S.C. § 7605; and (2) a constitutional challenge to 26 U.S.C. § 7433.

### A.    Proposed Violation of 26 U.S.C. § 7605

Plaintiff seeks to add information learned from Defendants' FOIA response to allege a violation of 26 U.S.C. § 7605. In particular, Plaintiff seeks to allege that because of Plaintiff's association with the "We the People" organization, Defendants wrongfully examined Plaintiff's records on four occasions during the years 2001 through 2002 and that Defendants took several pictures of Plaintiff's house. Defendant argues that Plaintiff has already made these allegation within the Third Amended Complaint ("TAC"). Defendant also argues that the proposed claim fails because Defendant has fully complied with Plaintiff's FOIA requests.

Section 7605(b) provides:

> No taxpayer shall be subjected to *unnecessary examination or investigations*, and only one inspection of a *taxpayer's books of account* shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

26 U.S.C. § 7605 (2006) (emphasis added). Congress's intent in enacting § 7605 was to prevent "unnecessary annoyance of [the] taxpayer" and "repeated visits of tax examiners" to ensure that additional examinations were properly authorized by the Secretary. *United States, et al. v. Powell, et al.*, 379 U.S. 48 (1964) (quoting Revenue Act of 1921, 42 Stat. 310); *see also* 26 U.S.C. § 7605(b). However, "Congress did not intend for section 7605(b) to be a severe restriction on the

United States District Court

For the Northern District of California

4

Commissioner's power in monitoring and enforcing the Code." *Law Offices – Richard Ashare, P.C. v. Commissioner*, T.C. Memo 1999-284 (citing *Powell*, 379 U.S. at 54-55). In fact, the Supreme Court has read the first clause of § 7605(b) as "surplusage to a large extent." *Powell*, 379 U.S. at 56.

The "examination or investigation" referred to in Section 7605 is inherently linked to the IRS's issuance of summonses under § 7602. *See* 26 U.S.C. §§ 7602, 7603, 7604, 7605(a); *Powell*, 379 U.S. at 57; *see also Dickerson v. Conrad, et al.*, 274 F. Supp. 881 (D. Alaska, 1967); *Mahapatra v. United States.*, 1993 U.S. Dist. LEXIS 8859, *10. Section 7605 is a prohibition against repetitive and unnecessary summonses of the "*taxpayer's* books of account." *See Powell*, 379 U.S. at 57. Therefore, section 7605 is not a prohibition against the summonses of records and documents from third parties, even if those third parties hold the sought documents on behalf of the taxpayer. *De Masters v. Arend*, 313 F.2d 79, 86 (9th Cir. 1963) (stating "this prohibition applies by its express terms only to taxpayer's records; it did not prevent the appellants from seeking information from other sources, such as the bank, regarding the taxpayer's possible liability"); *see also Mahapatra*, 1993 U.S. Dist. LEXIS 8859, *10-11.

Additionally, § 7605 provides no explicit cause of action for damages. 26 U.S.C. § 7605. Therefore, a plaintiff seeking relief under § 7605 cannot seek damages from the government. *Dickerson*, 274 F. Supp. at 881; *Dema v. Feddor*, 470 F. Supp. 152 (N.D. Ill. 1979). While at least two courts have fashioned some sort of remedy for illegal searches under § 7605, these cases are in the minority and limited to their facts. *See Reineman v. U.S.*, 301 F.2d 267, 272 (7th Cir. 1962) (court invalidated an IRS deficiency assessment due to an illegal examination under section 7605); *see also Application of Leonardo,* 208 F. Supp. 124, 127 (N.D. Cal. 1962); *but see Field Enterprises, Inc. v. United States*, 172 Ct. Cl. 77, 85 (Fed. Cl. 1965); *Moloney v. United States*, 521 F.2d 491, 500 (6th Cir. 1975).

Normally, an individual with a § 7605 claim is attempting to prevent the enforcement of the IRS's summonses of the "taxpayer's books of account" contemporaneously with the suit; not redressing prior examinations. *See Powell*, 379 U.S. at 57; *United States, v. Church of Scientology,* 973 F.2d 715, 718 (9th Cir. 1992); *Vallerand v. Connett*, 477 F. Supp. 106, 107 (C.D. Cal. 1979) (outlining the typical section 7605 scenario involving inspections of books directly from the

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   plaintiff); *Dickerson*, 274 F. Supp. at 881 (also noting typical section 7605 claim process and court's

2   role).  Proper procedure under § 7605 requires the taxpayer to object to any additional summonses at

3   the time the IRS serves the summons.  *Powell*, 379 U.S. at 57; *Dickerson*, 274 F. Supp. at 881.

4   Failure to object at the time of the summons may constitute waiver of right to claim a violation of §

5   7605.  *Moloney v. U.S.*, 521 F.2d at 500-01.

6          Here, this Court previously dismissed the Plaintiff's cause of action under § 7605 without

7   prejudice because Plaintiff failed to allege an illegal examination of his *personal* records.[5]

8   Plaintiff's motion broadly alleges there were multiple examinations of his personal records.

9   However, on October 3, 2006, during oral argument on Plaintiff's Motion for Leave to File an

10  Amended Complaint, Plaintiff informed the Court that these examinations were of Plaintiff's records

11  in the possession of third party sources.  Since the § 7605 "prohibition applies by its express terms

12  only to taxpayer's records; it [does] not prevent the [IRS] from seeking information from other

13  sources, such as the bank, regarding the taxpayer's possible liability," Plaintiff's claim is futile.  *See*

14  *De Masters*, 313 F.2d at 86.  As such, the Court denies Plaintiff's motion for leave to amend with

15  respect to adding a § 7605 claim.[6]

16         **B.      Constitutional Challenge to 26 U.S.C. § 7433**

17         Plaintiff next seeks to make a constitutional challenge to the damages provision of § 7433.

18  Plaintiff argues that the alleged damages to his business are in excess of those authorized under §

19  7433 and therefore unconstitutional.  Plaintiff claims that this constitutional challenge is a case of

20  first impression.  Defendants contend that amendment is futile and prejudicial.

21         The purpose of § 7433 is to remedy injuries caused by the intentional or reckless violation of

22  the tax laws by IRS employees in connection with the improper collection of taxes.  26 U.S.C. §

23  7433.  Section 7433 provides a statutory provision for damages.  26 U.S.C. § 7433(d).  As a result,

24

25         [5]Docket No. 64, filed August 10, 2005.

26         [6]At the October 3, 2006 hearing, Plaintiff suggested that there had been wrongful IRS examinations of his personal
    records that would support a claim under § 7605.  However,  Plaintiff was unable to present any evidence to support this
27  contention.  Even if Plaintiff were to produce evidence of these personal examinations, Plaintiff's motion would still fail
    because Plaintiff's delay in including this claim would prejudice Defendants.  If Plaintiff's "books of account" had been
28  summoned previously, then, presumably, Plaintiff would have had prior knowledge of these examinations.  Thus, Plaintiff
    should have included this claim, along with these allegations, in one of the previously amended complaints.

Congress has not waived the United States' sovereign immunity for damages in excess of those so enumerated.  *Celauro v. United States*, 411 F. Supp. 2d 257, 269-70 (E.D.N.Y. 2006) (finding no express waiver of sovereign immunity by the United States in action by taxpayer).

The United States is immune from suit unless it consents to waive its sovereign immunity. *Hodge v. Dalton*, 107 F.3d 705, 707 (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)).  The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.  *Id*. (citations omitted).  The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities.  *South Delta Water Agency v. United States Department of Interior*, 767 F.2d 531, 536 (9th Cir. 1985).  Any waiver of immunity must be "unequivocally expressed," and any limitations and conditions upon the waiver "must be strictly observed and exceptions thereto are not to be implied."  *Lehman*, 453 U.S. at 160-61.

Here, the Court declines to find that Plaintiff has sufficiently alleged a cause of action challenging the constitutionality of the damages provision of § 7433.  The Court finds that § 7433(d)'s damages provision is well-settled and that Plaintiff's attempt to amend his complaint is futile and prejudicial to Defendants.  Plaintiff has had multiple opportunities to cure deficiencies and to add new claims.  For these reasons, the Court finds Plaintiff's second proposed amendment is futile and would be prejudicial to Defendants.

///

///

///

///

///

///

///

///

///

///

///

**United States District Court**
For the Northern District of California

/// 

### CONCLUSION

For the reasons so stated, the Court **DENIES** Plaintiff's motion for leave to amend.

**IT IS SO ORDERED.**



Dated: October 5, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE