IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE ET AL,<br><br>        Defendant. | No. C05-00955 MJJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

Before the Court is Defendant United States' ("Defendant") Motion to Dismiss.[1] Pro se Plaintiff Richard George ("Plaintiff") opposes the motion.[2]

For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

## PROCEDURAL HISTORY

On February 14, 2005, Plaintiff filed his complaint in state court. On March 7, 2005, the case was properly removed to this Court. By letter dated June 30, 2005, Plaintiff made a Freedom of Information Act ("FOIA") request to the Internal Revenue Service ("IRS"). In response to Plaintiff's request, the Department of Treasury's ("Treasury") timely response indicated that the

---

[1] Docket No. 113, filed October 30, 2006.

[2] The Court recognizes that Plaintiff failed to file a timely opposition to Defendant's Motion to Dismiss in accordance with Civil Local Rule 7-3(a). However, considering Defendant has not filed a reply or otherwise alleged any prejudice caused by Plaintiff's untimely opposition, the Court will recognize Plaintiff's opposition as valid.

Treasury would not be able to immediately comply with Plaintiff's request.[3]

On September 8, 2005, Plaintiff filed his Third Amended Complaint ("TAC"). The TAC's "First Cause of Action" alleged a new claim (not present in Plaintiff's previous complaints) regarding Defendant's failure to comply with Plaintiff's FOIA request under 5 U.S.C. § 522.

On June 15, 2006, Defendant filed a Motion to Dismiss or Motion for Summary Judgment. On October 5, 2006, the Court denied Defendant's Motion to Dismiss with respect to the TAC's first cause of action as to the substantive content of Defendant's substantive FOIA production, but granted the Motion to Dismiss with regards to the TAC's first claim as to the timeliness of Defendant's initial FOIA response. The Court also granted Defendant's Motion for Summary Judgment as to Plaintiff's second and third claims. As a result, Plaintiff's claim regarding the substantive FOIA request is the only remaining claim.

As alleged in the TAC, Plaintiff maintains he has exhausted his administrative remedies under 5 U.S.C. § 522 and filed a notice of pending suit with the IRS. (TAC ¶ 33.) Plaintiff alleges that the Treasury has not substantively complied with his FOIA request and Plaintiff requests from the Court an order compelling the Treasury to deliver the requested materials to Plaintiff. (*Id.* ¶¶ 55-57, e.)[4]

## **LEGAL STANDARD**

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a

---

[3] As of the October 3, 2006 hearing on Defendant's motion to dismiss and motion for summary judgment, Plaintiff denies receiving the requested FOIA material from the Treasury.

[4] The Court previously recognized Plaintiff's allegations regarding the lack of substantive reply to his FOIA request despite his "inability to clearly plead it in his operative complaint." (Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Granting Defendants' Motion for Summary Judgment 8:20-21.)

2

1  complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v.*
2  *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court
3  must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d
4  1156, 1157 n.1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic
5  evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Further, the court does
6  not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See*
7  *White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a
8  factual motion by presenting affidavits or evidence properly before the court, the party opposing the
9  motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing
10 subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.
11 2003).

## ANALYSIS

### A. Plaintiff's FOIA Cause of Action Treated as Supplemental Pleading

Before addressing the substance of Defendant's Motion to Dismiss, the Court must first address the issue of supplemental pleading. When Plaintiff filed the operative complaint titled, "Third Amended Complaint for Declaratory Relief, Equitable Relief, Injunctive Relief, and Damages," Plaintiff added the FOIA claim as a new cause of action alleging relevant facts that occurred after the original pleading was filed. Thus, the issue is whether Plaintiff properly added such a claim under the title "Third Amended Complaint."

Federal Rule of Civil Procedure 15 outlines the procedure for amending pleadings as well as filing supplemental pleadings. Fed. R. Civ. P. 15(a), (d). Generally, a pleading should be "amended" when the pleader wishes to insert allegations concerning events that took place *before* the original pleading was filed. Hon. William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, 8:360 (2006). A pleading should be "supplemented" when the pleader wishes to insert allegations concerning relevant events which took place *after* the original pleading was filed. *Id.* at 8:361, 8:490. Because there is an addition of allegations that occurred after the initial filing of the complaint, a supplemental pleading is only fair upon reasonable notice and just terms. Fed. R. Civ. P. 15(d). Normally, a party requests leave of the court to file a supplemental pleading. *Id.*

3

1  However, "when issues not raised by the pleadings are tried by express or implied consent of the
2  parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ.
3  P. 15(b); *see also Cabrera v. City of Huntington Park,* 159 F.3d 374, 382 (9th Cir. 1998).  "The
4  erroneous characterization of the corrected pleading as an 'amended complaint' rather than as a
5  'supplemental pleading' is immaterial."  *United States ex rel. Wulff v. CMA, Inc*. 890 F2d 1070,
6  1073 (9th Cir. 1989) (citing *United States ex. rel. Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir.
7  1963));  *Cabrera,* 159 F.3d at 382.  Unless the opposing party would be prejudiced, it is within a
8  court's discretion to ignore that misguided designation and proceed as if it had been correctly
9  named.  *See*, *e.g.*, *Id.; Atkins,* 313 F.2d at 674; *Cabrera,* 159 F.3d at 382; *Lynam v. Livingston*, 257 F.
10 Supp. 520, 523 (D. Del 1966); *Georgia Power Project v. Georgia Power Co.,* 409 F. Supp. 332,
11 336-337 (D. Ga. 1975).
12         Plaintiff's FOIA cause of action in his TAC asserts allegations occurring after Plaintiff filed
13 his original complaint.  Plaintiff first filed his complaint on February 14, 2005 and Plaintiff's FOIA
14 request took place June 30, 2005.  With leave of the Court, Plaintiff filed his "Third Amended
15 Complaint" on September 18, 2005, including the FOIA claim.  Thus, the FOIA cause of action in
16 Plaintiff's amended complaint should have been filed as supplemental pleading and labeled as such.
17 Considering Plaintiff is representing himself as a pro se litigant and Defendant has not alleged
18 surprise or unfair prejudice by Plaintiff's FOIA claim, the Court will recognize Plaintiff's FOIA
19 cause of action in his TAC as a "supplemental pleading" under Rule 15(d).  *See* Fed. R. Civ. P.
20 15(d); *Wulff*, 890 F2d at 1073; *Atkins*, 313 F.2d at 674.
21 **B.     Lack of Subject Matter Jurisdiction – Failure to Exhaust Administrative Remedies**
22         Defendant asserts that Plaintiff's FOIA cause of action should be dismissed for lack of
23 subject matter jurisdiction.  Defendant argues that Plaintiff's TAC should relate back to the date of
24 the original complaint, February 14, 2005.  Defendant points out that, as of that date, Plaintiff had
25 not yet exhausted his administrative remedies.  Therefore, if the TAC is related back to the date of
26 the original complaint, then, the Court would not have subject matter jurisdiction over Plaintiff's
27 unexhausted and then non-existent FOIA request.  In making these arguments, Defendant initiates a
28 "facial attack" for purpose of a motion to dismiss.  Plaintiff generally denies that this claim lacks

4

1  jurisdiction.

2      Federal Rule of Civil Procedure 1 instructs that the Federal Rules "shall be construed and
3  administered to secure the just, speedy, and inexpensive destination of every action." Rule 15(c)
4  allows for an amended complaint to "relate[] back to the date of the original pleading" under certain
5  circumstances. Fed. R. Civ. P. 15(c). The "relation back doctrine" serves the remedial purpose of
6  "protecting claims raised in amended pleadings from the statute of limitations." *Wilson v.*
7  *Westinghouse Electric Corporation*, 838 F.2d 286, 290 (8th Cir. 1988); *see also Security Insurance*
8  *Co. v. United States ex rel. Haydis*, 338 F.2d 444, 448 (9th Cir. 1964).

9      The non-pleading parties in *Wilson* and *Security Insurance* made similar arguments to that of
10 Defendant in this case. 838 F.2d at 289; 338 F.2d 445. In both cases the courts were confronted
11 with plaintiffs who filed supplemental pleadings, adding allegations occurring after the original
12 complaint was filed. *Wilson*, 838 F.2d at 289; *Security Insurance*, 338 F.2d 445. On appeal, in both
13 cases, the non-pleading party argued that the district court did not have subject matter jurisdiction
14 over the added claims/allegations. The non-pleading parties asserted that, if the supplemental
15 pleadings were "related back" to the date of the original complaint, the respective claims would have
16 had a jurisdictional defect requiring the court to dismiss them. *Wilson*, 838 F.2d at 289; *Security*
17 *Insurance*, 338 F.2d at 447. Recognizing the "remedial purpose" of the "relation back" doctrine,
18 both courts refused to apply the doctrine to dismiss for lack of subject matter jurisdiction in each
19 case. *Wilson*, 838 F.2d at 290; *Security Insurance*, 338 F.2d at 448. The courts recognized that a
20 strict application of hyper-technical procedural pitfalls would not serve justice as commanded by the
21 Federal Rules of Civil Procedure, specifically Rule 1. *Wilson*, 838 F.2d at 290; *Security Insurance*,
22 338 F.2d at 448; Fed. R. Civ. P. 1; *Cabrera,* 159 F.3d at 382; *see also ISC–Bunker Ramo Corp. v.*
23 *Altech, Inc.*, 765 F. Supp. 1308, (N.D. Ill. 1990); *Judicial Watch v. U.S. Dept. of Energy, et al.*, 191
24 F. Supp. 2d 138 (D.D.C. 2002).

25     Here, the Court similarly rejects Defendant's argument. The cases Defendant cites all relate
26 to the general notion that an individual must exhaust his administrative remedies before filing a
27 FOIA claim in federal court. However, the cases fail to address the issues that Defendant raises in
28 this motion. Similar to the non-pleading parties in *Wilson* and *Security Insurance*, Defendant is

5

1 attempting to misuse the "relation back" doctrine to defeat subject matter jurisdiction in Plaintiff's
2 cause of action. *Wilson*, 838 F.2d at 290; *Security Insurance*, 338 F.2d at 448.  By definition, a
3 supplemental pleading includes facts that occur *after* the original pleading was filed.  *See* Hon.
4 William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, 8:360 (2006); *Cabrera,* 159
5 F.3d at 382; *Wilson*, 838 F.2d at 289.  If a party's supplemental pleading, which made allegations or
6 claims that occurred after the complaint was filed, automatically "related back" and assumed the
7 date of the original complaint, the opposing party would always be able to argue that, as of that date,
8 the Court lacked jurisdiction because no case or controversy was ripe on the issue.  If this were
9 always the case, then all supplemental pleadings of this nature would be defeated for lack of
10 jurisdiction – this "procedural mousetrap" would render all supplemental pleadings void.  *See*
11 *Security Insurance*, 338 F.2d at 449 ("we are not required to apply the doctrine of relation-back so
12 literally as to carry it to a time. . . so as to prevent the maintainence of the action in the first place.").
13 The "relation back doctrine" serves the remedial purpose of "protecting claims raised in amended
14 pleadings from the statute of limitations," not as a tool for the opposing party to defeat claims.
15 *Wilson*, 838 F.2d at 290; *Security Insurance*, 338 F.2d at 448.  Defendant is asking the Court to use
16 the "relation back" doctrine for this latter, improper purpose with respect to its exhaustion of
17 remedies argument.  The Court refuses to apply the doctrine contrary to established Ninth Circuit
18 case law.  *Cabrera,* 159 F.3d at 382; *Security Insurance*, 338 F.2d at 448; *Keith v. Volpe,* 858 F.2d
19 467, 474 (9th Cir. 1988).  As such, for the purposes of this motion, the Court rejects Defendant's
20 claim that the Plaintiff's FOIA cause of action relates back to the date of the initial complaint in
21 order to defeat this Court's jurisdiction over the matter.

22 Defendant fails to show that Plaintiff had not exhausted his FOIA administrative remedies by
23 the time of the TAC.  In fact, Defendant only alleges that Plaintiff had not exhausted his
24 administrative remedies before the time of the original complaint.  Also, Plaintiff's TAC alleges that
25 he did exhaust all administrative remedies. (TAC ¶ 33.)  In a facial attack motion to dismiss, the
26 Court accepts the factual allegations in plaintiff's complaint as true.  *See Miranda v. Reno*, 238 F.3d
27 1156, 1157 n.1 (9th Cir. 2001).  Therefore, for the purpose of this motion, the Plaintiff's allegations
28 are taken to be true that he has in fact sufficiently exhausted his remedies as of September 18, 2005,

the date the TAC was filed.

**C.     Lack of Subject Matter Jurisdiction – Facts Not in Existence at Initial Complaint**

Defendant also argues that the Court lacks subject matter jurisdiction because Plaintiff had not made a FOIA request at the commencement of suit. Specifically, Defendant argues that the facts Plaintiff alleges in support of his FOIA cause of action did not exist when the lawsuit was initiated. Additionally, Defendant argues that the Court is prohibited from curing this jurisdictional problem by looking to Plaintiff's post-complaint activity. Plaintiff generally denies that this claim lacks jurisdiction.

A plaintiff can make allegations or claims in the supplemental pleading that did not exist at the time of the original complaint. Fed. R.. Civ. P. 15(d); *Cabrera,* 159 F.3d at 382. As long as there is "some relationship. . . between the newly alleged matters and the subject matter of the original action, they need not all arise out of the same transaction." *Keith,* 858 F.2d at 474. In addition, the claims cannot surprise or unfairly prejudice Defendants and must be just. Fed. R. Civ. P. 15(d); Hon. William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, 8:498 (2006); *see also Wilson*, 838 F.2d at 289.

Here, the cases and reasoning cited above defeat Defendant's argument. Plaintiff's FOIA claim is a supplemental pleading. *See* Fed. R. Civ. P. 15(d). Plaintiff's FOIA claim has "some relationship" with the underlying tax claims because the FOIA request arises out of Plaintiff's ongoing tax dispute with the IRS; Plaintiff requests documents relevant to his other claims. *See Keith,* 858 F.2d at 474; *Cabrera,* 159 F.3d at 382; *Wilson*, 838 F.2d at 289. As discussed above, Defendant has not alleged surprise or unfair prejudice by Plaintiff's FOIA claim. Because all of these elements are met, Plaintiff was allowed to add new claims and allegations in his supplemental pleading without defeating the Court's subject matter jurisdiction over those claims. *See Keith,* 858 F.2d at 474; *Cabrera,* 159 F.3d at 382; *Wilson*, 838 F.2d at 289. Therefore, Defendant's argument fails.

//
//
//

7

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: December 1, 2006.

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE