1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   RICHARD GEORGE,                                    No. C05-0955 MJJ

12              Plaintiff,                    **ORDER GRANTING DEFENDANTS'**
                                             **MOTION FOR SUMMARY JUDGMENT**
13        v.

14   INTERNAL REVENUE SERVICE, et al..,

15              Defendant.
     _____/

16

17                            **INTRODUCTION**

18        Before the Court is Defendant United States, Internal Revenue Service ("IRS"), IRS Revenue

19   Officer Jane Allen, and Treasury Secretary John Snow's (collectively "Defendants") Motion for

20   Summary Judgment.[1]  Plaintiff Richard George ("George" or "Plaintiff") opposes the motion.  For

21   the following reasons, the Court **GRANTS** Defendants' motion.

22                 **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

23        This case presents a dispute under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552

24   and 31 C.F.R. § 1.5.  Unless otherwise noted the Court finds the following facts undisputed.

25        By letter dated June 30, 2005, Plaintiff made a FOIA request to the IRS.  (Declaration of

26   Kimberly Wilson ("Wilson Decl.") at ¶ 3.)  IRS Disclosure Specialist Kimberly Wilson ("Wilson")

27   was assigned to process Plaintiff's request, collecting 5,973 pages responsive to his request.  (*Id.* at

28   ¶¶ 2, 9.)  On June 1, 2006, Wilson sent Plaintiff a letter stating that the IRS had located and collected

---

[1] Docket No. 131.

United States District Court

For the Northern District of California

5,973 pages that were responsive to his request, but that the IRS would withhold various documents

and information pursuant to various exceptions found at 5 U.S.C. § 552(b).  (Id. at ¶ 10, Ex. B.)[2]

The IRS delivered to Plaintiff, by mail, the documents requested, subject to the limitations and

exceptions under 5 U.S.C. § 552(b).  (Id.)

During the course of the litigation and in response to Plaintiff's allegations that the IRS had

not substantively complied with Plaintiff's FOIA request, the IRS at the request of the Assistant

United States Attorney Thomas Moore ("Moore"), reviewed the documents that had previously been

withheld to determine if additional information could be released to Plaintiff.  (Id. at ¶ 11.)  Upon

second review, Wilson determined that the IRS should release additional pages, primarily

information pertaining to Chameleon Software, to Plaintiff.  (Id. at ¶ 13.)  Those documents had

been initially withheld because Plaintiff had failed to meet the statutory requirements to establish the

right to receive third party tax information.  (Id.)[3]  These documents were provided to Moore who

---

[2]  Wilson's letter to Plaintiff read, in part,:

In response to your request enclosed, please find 5,973 pages of documents responsive to your request. We have with held in full 282 pages of documents and edited 36 pages of documents to delete material pertaining to a third party pursuant to 5 U.S.C. § 552(b)(3) & in conjunction with 26 U.S.C. [§] 6103(a).

We have withheld in full 173 pages of documents and edited 15 pages of documents to delete material pertaining to an individual their party pursuant to 5 U.S.C. § 522(b)(3) & (b)(7)(C) in conjunction with 26 U.S.C. [§] 6103(a) & (e)(7).  We have edited two pages of documents to delete the Discriminant Index Function (DIF) score pursuant to 5 U.S.C. §  552(b)(3) & (b)(7)(E) in conjunction with 26 U.S.C. [§] 6103(b)(2).  We have edited three pages of documents to delete material pertaining to a date of birth pursuant to 5 U.S.C. [§] 552(b)(3) & (b)(6) in conjunction with 26 U.S.C. § 6103(a).

Also, we have withheld in full 82 pages of documents and edited 13 pages of documents to delete material regarding internal communications that would impair tax administration and which are part of the decision making process.  This is pursuant to 5 U.S.C. [§](b)(3) & (b)(5) in conjunction with 26 U.S.C. [§] 6103(e)(7).  We have withheld in full 21 pages of documents and edited 13 pages of documents because release could be expected to impair federal tax administration pursuant to 5 U.S.C. [§] 552(b)(3) and (b)(7)(A) & (E) in conjunction with 26 U.S.C. [§] 6103(e)(7).  We have withheld in full 37 pages of documents and edited 100 pages of documents to delete material pertaining to invasion of personal privacy pursuant to 5 U.S.C. [§] (b)(7)(C).  Notice 393, enclosed, explains the exemptions in more detail and your appeal rights. . . . .

(Id. at ¶ 10, Ex. B.)

[3]Wilson re-reviewed 308 pages previously withheld in full and determined that they should be released to the Plaintiff.  Wilson also determined to revise the redactions on 52 pages previously withheld in part.  These documents pertained to a corporation called Chameleon Software, in which Plaintiff has a majority interest.  Defendants previously withheld these pages because Plaintiff's FOIA request had not met the statutory requirements to establish his right to receive this third party tax information.  However, Defendants released the 52 pages after determining that Chameleon Software was

---

subsequently delivered, by mail, the documents to Plaintiff.  (*Id.*; Declaration of Thomas Moore ("Moore Decl.") at ¶ 2.)  After making this supplemental disclosure, of the 5,973 documents collected by the IRS, only 257 pages continued to be withheld in full, and 215 pages continued to be withheld in part.  (Wilson Decl. at ¶ 14.)

On September 8, 2005, Plaintiff filed his third amended complaint, which is the operative complaint before the Court.[4]  In the "First Cause of Action," Plaintiff alleged that the IRS failed to comply with Plaintiff's FOIA request under Section 522.  On June 15, 2006, Defendants moved for dismissal or for summary judgment.  On October 5, 2006, the Court denied Defendants' Motion to Dismiss with respect to Plaintiff's cause of action as to the substantive content of Defendants' substantive FOIA production, but granted the motion to dismiss with regards to Plaintiff's claim as to the timeliness of Defendant's initial FOIA response.  Plaintiff's claim regarding the substantive FOIA request was therefore the only remaining claim.

Subsequently, on March 1, 2007, the Court heard oral argument on Defendants' initial Motion for Summary Judgment.  At the hearing, the Court identified certain discrepancies in Wilson's declaration regarding the total number of documents alleged to have been exempted from production and the total number of documents actually withheld.  Defendants elected to withdraw and re-file the motion without prejudice.

Currently before the Court is Defendants' re-filed Motion for Summary Judgment. Defendants claim that they have cured the discrepancies in Wilson's declaration, fully complied with Plaintiff's FOIA request, and that the IRS has properly withheld the remaining information pursuant to the exceptions set forth in Section 552(b).  Defendants therefore contend that they have met their obligations under FOIA and moves for judgment as a matter of law.

//

//

an the alter ego of Plaintiff, for purposes of tax liability, and because Plaintiff would otherwise be entitled to returns and return information of Chameleon under 26 U.S.C. § 6103(e).

[4]Docket No. 68.

3

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

**I.      Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *Id.* at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at 250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in its favor. *Id.* However, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

**ANALYSIS**

**I.      The Freedom of Information Act**

Procedurally, district courts typically decide FOIA cases on summary judgment before a plaintiff can conduct discovery. *Jones v. Federal Bureau of Investigation*, 41 F.3d 238, 242 (6th Cir.1994). An agency defendant is entitled to summary judgment if it establishes that it has fully discharged its obligations by proving that it has produced the requested documents or that it is properly withholding the documents under a FOIA exemption. *See Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982); *Pollack v. United States Bureau of Prisons*, 879 F.2d 406, 408 (8th Cir. 1989).

FOIA requires, that unless an exemption applies, "each agency, upon any request for records which (i) reasonably describes such records, and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).  The agency is under a duty to conduct a "reasonable" search for responsive records using methods that can be reasonably expected to produce the information requested to the extent they exist.  5 U.S.C. § 552(a)(3)(C); *See also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Ogleby v. United States Dept. of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Zemansky v. United States EPA*, 767 F.2d 569, 571 (9th Cir. 1985).  An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith.  *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978) *cert. denied*, 445 U.S. 927 (1980) (emphasis added).  The presumption of good faith accorded to agency affidavits cannot be rebutted by the requester's "purely speculative claims about the existence and discoverability of other documents."  *SafeCard Servs, Inc.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).  Similarly, an agency may justify *its claims of exemption* through detailed affidavits, which are also entitled to a presumption of good faith.  *See Rugeiero v. United States Dept. Of Justice*, 257 F.3d 534, 544 (6th Cir. 2001); *Manna v. United States Dept. of Justice*, 823 F. Supp. 866, 870, *aff'd* 51 F.3d 1158 (3d Cir.), *cert. denied*. 516 U.S. 975 (1995) (emphasis added).

Here, the IRS has presented the detailed declaration of Kimberly Wilson ("Wilson"), the Disclosure Specialist in the Oakland, California office of the IRS who personally reviewed and managed the Plaintiff's FOIA request.  Wilson has personal knowledge of the IRS's search for responsive documents and of the exemption claims.  The Court now turns to the 5,973 documents collected by the IRS to determine: (1) whether the IRS conducted a reasonable search and; (2) whether the IRS had a proper basis to exempt from disclosure the 257 pages withheld in full, and the 215 pages withheld in part.  (Wilson Decl. at ¶ 14.)

**A.     Reasonableness of the IRS's Search for Responsive Documents**

Defendants contend that the IRS conducted a reasonable search and delivered to Plaintiff all

United States District Court

For the Northern District of California

1  documents requested as well as a detailed letter identifying which materials would not be disclosed.

2  Defendants not only identify an absence of evidence in support of Plaintiff's allegation of

3  incomplete disclosure, but also affirmatively presents declarations in support of Defendants'

4  contention.  Specifically, Wilson's declaration provides information that the agency located,

5  collected and reviewed 5,973 pages in response to Plaintiff's request.  Defendants also present the

6  declaration of Assistant United States Attorney Moore documenting that the non-exempt documents

7  were released to the Plaintiff.  Plaintiff argues that Defendants' disclosure was incomplete because

8  they failed to produce certain documents and improperly redacted others.

9      In her declaration, Wilson states she has worked for the IRS for approximately fifteen years

10  and has thorough knowledge of the types of documents created and maintained by the various

11  divisions of the IRS.  (Wilson Decl. ¶ 1.)  She states that she personally reviewed and is familiar

12  with the documents at issue in this case.  (*Id*. at ¶ 2.)  In her declaration, she describes the IRS's

13  computer-based method of maintaining tax records, and further describes her efforts in searching for

14  responsive records, which included using the IRS's Integrated Data Retrieval System ("IDRS"),

15  interviewing IRS agents, contacting the IRS's Office of Appeals, and discussing Plaintiff's request

16  with the IRS's Disclosure Office.  (*Id*. at ¶¶ 4-8.)  Upon conferring with IRS legal counsel, Wilson

17  re-reviewed the withheld pages and revised her disclosure by providing additional documents to

18  Plaintiff.  (*Id*. at ¶¶ 12-13.)  As a result of her investigation, Wilson collected and reviewed a total of

19  5,973 responsive documents, of which 257 pages were withheld in full and 215 pages were withheld

20  in part.  (*Id*. at ¶ 9-10.)

21      On its face, Wilson's sworn declaration is plainly adequate to demonstrate the thoroughness

22  of the IRS's search for responsive documents.  The declaration gives a detailed description of the

23  searches undertaken, and a detailed explanation of the applicable exemptions to each category of

24  withheld documents.  Plaintiff argues, without evidentiary support, there is reason to doubt

25  Defendants' good faith and accuses the Government of using the IRS as a political weapon "to

26  destroy Plaintiff's life and business" "in a concerted effort to punish Plaintiff and others for

27  exercising their First Amendment rights."  (Pl.'s Opp. at 2:1-11.)  Because Wilson's declaration is

28  sufficient to show that the IRS conducted a reasonable search, and because Plaintiff offers no

United States District Court

For the Northern District of California

1  competent evidence to the contrary, the Court finds that the IRS has met its statutory obligation

2  under 5 U.S.C. § 552(a)(3)(C).  Accordingly, the Court now turns to a review of Defendants'

3  asserted FOIA exemptions.

**B.      FOIA Exemptions**

5       As previously noted, the IRS located 5,973 responsive pages.  (Wilson Decl. ¶ 9.)  The IRS

6  released all but 257 pages withheld in full and 215 pages withheld in part.  (*Id*. at ¶ 14.)  Defendants

7  declare that the withheld pages consist of IRS database screen printouts regarding third party

8  taxpayers, information regarding third party taxpayers obtained from public sources and summonses,

9  case history and interview notes prepared by the revenue officer, and internal IRS documents

10 discussing the nature of the direction of this case.  Defendants argue that they properly applied the

11 FOIA exemptions in withholding these pages, and therefore fully discharged their statutory

12 obligations.  In opposition, Plaintiff identifies a number of allegedly missing documents that he

13 claims Defendants should have produced.  Plaintiff contends that the refusal to turn over these

14 documents evidences a failure to comply with his request.  The Court will now address the

15 categories of the withheld documents and the applicable exemptions.

**1.      Third party return information--5 U.S.C. § 552(b)(3) in conjunction with
26 U.S.C. § 6103(a)**

18      The IRS contends that it is withholding 31 pages, in part, consisting of return information

19 related to taxpayers other than Plaintiff.  These documents are screen printouts from the IRS's IDRS

20 database that contain the names, taxpayer identification numbers, addresses, and/or tax account

21 information of taxpayers other than Plaintiff.

22      Section 552(b)(3) exempts from disclosure information that is:

> Specifically exempted from disclosure by statute (other than section
> 552(b) of this title), provided that such statute (A) requires that the
> matters be withheld from the public in such a manner as to leave no
> discretion on the issue, or (B) establishes particular criteria for
> withholding or refers to particular types of matters to be withheld.

26 5 U.S.C. § 552(b)(3).  Under this exemption, the protected material must be withheld from

27 disclosure if the Court determines that a relevant statute exists.  *See Fund for Constitutional Gov't v.*

28 *National Archives & Records Serv.*, 656 F.2d 856, 868 n. 29 (D.C. Cir. 1981); *Goland v. Central*

1    *Intelligence Agency*, 607 F.2d 339, 350 n. 65 (D.C. Cir. 1978) (holding that the sole issue for

2    decision is the existence of a relevant statute and the inclusion of withheld material is within the

3    statute's coverage).

4          Here, Defendants rely on 26 U.S.C. § 6103(a), which prevents disclosure or inspection of

5    return information under the Internal Revenue Code ("IRC").  *See* 26 U.S.C. § 6103(a).  The IRC

6    does not authorize the release of third party information to Plaintiff.  Rather, Section 6103(a)

7    provides that return information must be kept confidential unless disclosure is authorized.

8    Specifically, "[§ 6103] provides that tax returns and return information of third parties (i.e., not the

9    requesting party) are confidential and not subject to the FOIA."  *Fonzone v. Dept. of the Treasury*,

10   2002 U.S. Dist. LEXIS 15729 (E.D. Pa. 2002) (citing *United States v. Humedco Enterprises, Inc.*,

11   512 F. Supp. 1302, 1307 (E.D. Pa. 1981)); *see also Church of Scientology v. IRS*, 484 U.S. 9, 10

12   (1987);  *Mason v. Callaway*, 554 F.2d 129 (4th Cir. 1977), *cert. denied* 434 U.S. 877 (1977).

13         Additionally, while the third party information was located in IRS files related to Plaintiff, its

14   placement there does not cause it to lose its treatment as return information of the individual to

15   whom it relates.  *El-Fadly v. I.R.S.*, 1999 U.S. App. Lexis 24820, at *3-4 (9th Cir. 1999)  In *El-*

16   *Fadly*, the Ninth Circuit stated that "[a]lthough tax returns are confidential, *See* 26 U.S.C. § 6103,

17   once tax return information enters the public domain, the taxpayer may no longer claim a right of

18   privacy in the information."  *Id.* (citing *William E. Schrambling Accountancy Corp. v. United States*,

19   937 F.2d 1485, 1490 (9th Cir. 1991)).  However, placing third party return information in the file of

20   another taxpayer does not qualify as the public domain and the third party does not lose the right to

21   privacy in connection to the return information.  *See Fonzone,* 2002 U.S. Dist. LEXIS 15729.  This

22   information is still protected by the exemption.  *Id*.  Defendants, having met their initial burden

23   under Rule 56, have shifted the burden to Plaintiff to present specific facts showing that there is a

24   genuine issue for trial.  In response, Plaintiff fails to identify any support for the disclosure of this

25   confidential information.  Accordingly, the Court finds that under Section 6103(a), the Defendant

26   properly redacted these 31 pages since the information is exempt from disclosure under FOIA.

27         **2.      Interview notes--5 U.S.C. §§ 552(b)(5), (b)(7)(E) and (b)(3) in conjunction
                     with 26 U.S.C. § 6103(e)(7)**

28   Defendants also contend they withheld 4 pages in full and 3 pages in part, consisting of

interview notes prepared by the revenue officer in advance of her interview with Plaintiff.  (Wilson Decl. at ¶ 19.)  The notes are draft questions formulated by the revenue officer to aid her in gathering information regarding Plaintiff's assets, business affiliations, and income sources to assist her in collecting Plaintiff's outstanding tax liability.  (*Id*.)

### a.   5 U.S.C. § 552(b)(5)

Section 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  *See* 5 U.S.C. § 552(b)(5).  Defendants assert that this subsection gives agencies the privileges developed in civil litigation discovery, including the governmental privilege doctrine.  *See United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799 (1984).  The governmental privilege doctrine exempts pre-decisional materials that reflect the reflections, opinions, and analysis that constitute the deliberative process of an agency from disclosure.  *See N.L.R.B v. Sears Roebuck & Co.*, 421 U.S. 132, 148-49 (1975).

Defendants rely on Wilson's declaration asserting that all of these notes were prepared in advance of the interview with Plaintiff.  (Wilson Decl. ¶ 19.)  These notes and questions reflect the pre-decisional deliberative process compiled during the course of the IRS's investigation of Plaintiff.  (*Id*.)  At the time the notes were created, the IRS had not made a decision as to which collection tools it might use or what financial sources the IRS might use to satisfy the tax obligation.  (*Id*.)  For this reason, the Court finds that the notes constitute pre-decisional, deliberative process privilege material exempt under Section 552(b).

In opposition, Plaintiff makes reference to a September 2003 press conference organized by the U.S. Treasury Department to assert that the government had instituted "enforcement actions" against members of the "We the People's" petitions for redress.  (Pl.'s Opp. at 2:1-11.)  Plaintiff attempts, through implication, to convince the Court that the IRS had instituted actions against him prior to the creation of the notes at issue.  However, Plaintiff does not present any specific competent evidence to support his contention.

### b.   5 U.S.C. § 552(b)(7)(E)

Defendants further contend that these interview notes are exempt from disclosure under 5

U.S.C. § 552(b)(7)(E).  Section 552(b)(7)(E) provides:

> [R]ecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure.[5]

5 U.S.C. § 552(b)(7)(E).  Defendants cite 26 U.S.C. § 7601 to support the statutory duty and powers of investigation vested in the IRS as a "law enforcement agency."  The Supreme Court has explained that the power of the IRS to investigate does not depend on a case or controversy for power to get evidence, the agency can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."  *United States v. Powell*, 379 U.S. 48, 57 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 643 (1950)).  Defendants contend that documents compiled in investigations or in civil and criminal proceedings are within the meaning of "records or information compiled for law enforcement purposes."  *See Williams v. I.R.S.*, 479 F.2d 317 (3d Cir. 1973).[6]  In order to invoke one of the exemptions found in Section 552(b)(7), the agency must demonstrate that "the nexus between [its] activity [ ] and its law enforcement duties '[is] based on information sufficient to support at least 'a colorable claim' of its rationality.'"  *Keys v. Dept. of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987) (citations omitted).

The IRS has broad authority to enforce the internal revenue laws and to withhold records or information based upon Section 552(b)(7)(E).  *See Buckner v. Internal Revenue Service*, 25 F. Supp. 2d 893, 898-99 (N.D. Ind. 1998) (upholding Government's determination to withhold DIF scores and other investigative techniques as disclosure "would reveal a vulnerability in IRS procedures that could facilitate circumvention of payment of required taxes"); *Pully v. Internal Revenue Service*, 939 F. Supp. 429, 438 (E.D. Va. 1996) (upholding Government's determination to withhold discriminant function system ("DFI") scores); *Church of Scientology Int'l v. Internal Revenue Service*, 845 F.

---

[5]In *Sladek v. Bensinger*, the Fifth Circuit held that 5 U.S.C. § 552(b)(7) did not apply to the DEA manual as it was not compiled in the course of a specific investigation.  *See Sladek*, 605 F.2d 899, 903 (5th Cir. 1979).  However, the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, amended 5 U.S.C. § 552(b)(7)(E) to provide protection for law enforcement manuals, potential guidelines, and tolerance criteria by deleting any requirement that the information be investigatory.  *See also* S. Rep. No. 98-221, at 23 (1983).

[6]The Ninth Circuit has found that the IRS has the requisite law enforcement mandate to rely on 5 U.S.C. § 552(b)(7). *Lewis v. I.R.S.*, 823 F.2d 375, 379 (1987).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Supp. 714, 722-23 (C.D. Cal. 1993) (upholding Government's determination to withhold two pages of the IRS's Law Enforcement Manual and an internal agency memorandum as information concerned procedures for handling applications for tax exemption and examinations); *Small v. Internal Revenue Service*, 820 F. Supp. 163, 166 (D.N.J. 1992) (upholding Government's determination to withhold DIF scores and other information concerning IRS tolerances and audit guidelines as disclosure would permit taxpayers to circumvent the tax laws by enabling them to tailor their returns to lower their DIF scores or stay within tolerances and guidelines); *O'Connor v. United States*, 698 F. Supp. 204, 206-07 (D.Nev. 1988) (upholding Government's determination to withhold tolerance and criteria used internally by the Service in investigations from a two-page memorandum that contained information complied for law enforcement purposes).

Here, Wilson's declaration establishes that the interview notes withheld, or partially redacted, were gathered to assist the IRS in its administration of the Internal Revenue Code. (Wilson Decl. at ¶ 19(b).)  Wilson explains that the IRS withheld the interview notes because the notes would reveal law enforcement techniques and provide information that would allow Plaintiff to circumvent the internal revenue laws.  On that basis, Wilson's declaration demonstrates a sufficient nexus between the IRS's investigative activity of Plaintiff and its enforcement duties to support the application of the exemption set forth in Section 552(b)(7)(E).  For this additional reason, the Court finds that the interview notes are exempt from disclosure under FOIA.

### c.   5 U.S.C. § 552(b)(3) in conjunction with 26 U.S.C. § 6103(e)(7).

Finally, Defendants contend that the interview notes are also exempt from disclosure under Section 552(b)(3) in conjunction with 26 U.S.C. § 6103(e)(7).  As noted above, Section 552(b)(3) exempts from disclosure information that is:

> Specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (b) establishes particular criteria from withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).  Defendants contend that the Section 552(b)(3) exemption is based on 26 U.S.C. § 6103(e)(7), which prevents the disclosure or inspection of return information if such disclosure would seriously impair federal tax administration.  Section 6103(e)(7) has been found to

be a statute meeting the criteria in Section 552(b)(3).  *See Clarkson v. IRS*, 1990 U.S. Dist. LEXIS 6887 (D. S.C. May 10, 1990); *Church of Scientology v. I.R.S.*, 792 F.2d 146, 149 (D.C.Cir. 1986); *Chamberlain v. Kurtz*, 589 F.2d 827, 838-39 (5th Cir. 1979); *Currie v. I.R.S.*, 704 F.2d 523, 531 (11th Cir. 1983).

Here, as evidenced by Wilson's declaration, the documents withheld were prepared by the revenue officer in connection with the determination of what financial assets and income sources were available to the IRS for collecting Plaintiff's outstanding tax liability.  (Wilson Decl. at ¶ 19(c).)  The information consists of the revenue officer's development and analysis of information obtained during the course of investigation.  (*Id*.)  Wilson also asserts that the release of the interview notes would seriously impair tax administration because it would allow Plaintiff to determine the nature, direction, scope, limits, strengths and weaknesses of the IRS's investigation.  (*Id*.)  The exempted information would allow Plaintiff to alter his sources of income, assets, and relationships with other individuals and entities in attempt to circumvent tax liability.  (*Id*.)  The Court agrees with Defendants that the release of these documents would seriously impair federal tax administration by releasing documents the IRS is using in its ongoing investigation.  Thus, the documents and redacted information were properly exempted from disclosure pursuant to Section 552(b)(3) in conjunction with 26 U.S.C. § 6103(e)(7).  Accordingly, for this additional reason, the Court finds that the interview notes are exempt from disclosure under FOIA.

### 3.    Case History Notes—5 U.S.C. §§ 552(b)(5), (b)(7)(A), 552(b)(3), 552(b)(6), and (b)(7)(C).

Defendant is also withholding 3 pages in full, and 28 pages in part, consisting of revenue agent and revenue officer case history notes.  (Wilson Decl. at ¶ 20.)  The case history notes include the computerized log of activity of the case, notes on contacts with Plaintiff and third parties, and the revenue officers' thoughts on how to proceed with the case and how to analyze the information gathered.  (*Id*.)  Defendants contend that the case history notes are exempt from disclosure on three grounds.

### a.    5 U.S.C. § 552(b)(5)

As noted above, Section 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in

1   litigation with the agency." *See* 5 U.S.C. § 552(b)(5).  Defendant again asserts that this subsection

2   gives agencies the privileges developed in civil litigation discovery, including the governmental

3   privilege doctrine.  *See Weber Aircraft Corp.*, 465 U.S. at 799.  The governmental privilege doctrine

4   exempts pre-decisional materials that reflect the reflections, opinions, and analysis that constitute the

5   deliberative process of an agency from disclosure.  *See Sears Roebuck & Co.*, 421 U.S. at 148-49.

6          Defendants have adduced evidence indicating that the case history notes are pre-decisional

7   and reflect the agency's deliberative process.  (Wilson Decl. at ¶ 20(a).)  Defendants created these

8   notes contemporaneously with the revenue agent and the revenue officers' development of the case

9   and the content of the notes represent their thoughts and impressions of the gathered information.

10  (*Id.*)  Because Defendants have presented evidence that this information consists of the IRS's pre-

11  decisional deliberative process, the Court finds that it is exempt from disclosure pursuant to Section

12  552(b)(5).

13              **b.      5 U.S.C. 552(b)(7)(A)**

14         Defendants further contend that these revenue agent and revenue officer case history notes

15  are also exempt from disclosure under Section 552(b)(7)(A).  Section 552(b)(7)(A) exempts from

16  disclosure records or information compiled for law enforcement purposes to the extent that the

17  production "could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. §

18  552(b)(7)(A).  Defendants assert that "interference" is interpreted broadly and that a court may make

19  a generic determination that, with respect to certain kinds of enforcement proceedings, disclosure of

20  certain types of investigatory records would generally interfere with enforcement proceedings.  *See*

21  *Robbins Tire & Rubber Co.*, 437 U.S. at 223.

22         Defendants claim the disclosure or inspection of case history notes would interfere with its

23  enforcement proceedings since these investigatory records would reveal the identities of potential

24  witnesses, the nature, scope, direction and limits of the investigation, transactions being investigated

25  including third-party contacts, evidence obtained so far, reliance the agency places on the evidence,

26  and the IRS's strategies and theories.  (Wilson Decl. at ¶ 20(b).)  Defendants determined the

27  information would interfere with their ongoing investigation since the documents could help the

28  Plaintiff craft defenses or explanations based on Defendants' investigation instead of on the facts

known to him.  (*Id.*)  More importantly, disclosure of the documents would assist Plaintiff in trying

to conceal or disguise his sources of income.  (*Id.*)  Any of these actions by Plaintiff would inhibit

Defendants' ability to determine Plaintiff's compliance with tax laws during the course of the

ongoing investigation.  (*Id.*)  Defendants provide evidence that the disclosure of this information

could reasonably be expected to interfere with enforcement proceedings since it would enable

Plaintiff to circumvent the IRS's attempts to collect his tax liability in the past and into the future as

the investigation is ongoing.   Accordingly, the Court finds that the case history notes are exempt

from disclosure pursuant to Section 552(b)(7)(A).

### c.   5 U.S.C. § 552(b)(3) in conjunction with 26 U.S.C. § 6103(e)(7)

Additionally, Defendants claim the case history notes are exempt under 5 U.S.C. § 552(b)(3)

in conjunction with 25 U.S.C. § 6103(e)(7).  As noted above, Section 552(b)(3) exempts from

disclosure information that is:

> Specifically exempted from disclosure by statute (other than section
> 552(b) of this title), provided that such statute (A) requires that the
> matters be withheld from the public in such a manner as to leave no
> discretion on the issue, or (b) establishes particular criteria from
> withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).  Defendants contend that the Section 552(b)(3) exemption is based on 26

U.S.C. § 6103(e)(7), which prevents the disclosure or inspection of return information if such

disclosure would seriously impair federal tax administration.  Section 6103(e)(7) has been found to

be a statute meeting the criteria in Section 552(b)(3).  *See Church of Scientology v. I.R.S.*, 792 F.2d

146, 149 (D.C. Cir. 1986); *Currie v. I.R.S.*, 704 F.2d 523, 531 (11th Cir. 1983).

As evidenced by Wilson's declaration, the documents were prepared in connection with an

IRS investigation to determine what financial assets and income sources were available to the IRS

for collecting George's tax liability.  (Wilson Decl. at ¶ 20(c).)  The pages represent the agency's

development and analysis of information gathered as part of an ongoing investigation.  (*Id.*)  The

release of these documents would seriously impair federal tax administration since it would allow

Plaintiff to determine the nature, direction, scope, limits, strengths, and weaknesses of the IRS's

investigation.  Further, the exempted information would enable Plaintiff to alter his sources of

income, assets, and relationships with other individuals and entities in an attempt to circumvent tax

14

liability.  Since the IRS has not completed its investigation nor fully collected the outstanding tax liability it seeks from Plaintiff, the release of these documents and redacted information would seriously impair federal tax administration.  (*Id.*)  Accordingly, for this additional reason, the Court finds that the case history notes are exempt from disclosure under FOIA.

   **d.**  **5 U.S.C. § 552(b)(6)**

   Under 5 U.S.C. § 552(b)(6), "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are exempt under FOIA.  5 U.S.C. § 552(b)(6).  Defendants claim this exemption justifies its redactions in the case history notes of information including names, initials, and employee identification numbers of IRS employees. Defendants argue IRS employees have a very strong interest in preventing the disclosure of their identities to the Plaintiff because such disclosure could subject them to annoyance or harassment in the conduct of their official duties and private lives.  (Wilson Decl. at ¶ 20(d).)

   Defendants rely on an interpretation that an evaluation of the term "personnel and medical files and similar files" does not turn upon the label of the file which contains the damaging information.  *See U.S. Dept. of State v. Washington*, 456 U.S. 595, 599-603 (1982) (*citing* H.R. Rep. No. 89-1497, at 11(1966); S. Rep. No. 89-813, at 9 (1965); S. Rep. No. 88-1219, at 14 (1964)).  To determine whether information meets the requirements of Section 552(b)(6), there is a balancing test between the public's right to disclosure of the information and the individual's right to privacy.  *See Dept. of Air Force v. Rose,* 425 U.S. 352, 373 (1976); *Fund for Constitutional Govt.*, 656 F.2d at 862.

   Here, as stated in Wilson's declaration, IRS employees have a strong right to privacy in order to fulfill their obligations without fear that taxpayers will attempt to harass or contact employees directly instead of using the administrative and judicial processes for appeal.  Further, Plaintiff cannot show any meaningful value in uncovering the identities of the individual agents assigned to his case and there is no showing that disclosure of this information is in the public interest.  The strong privacy rights of the individual IRS agents who handle a particular case outweighs any public interest and weighs in favor of withholding documents and redacting information.  For this additional reason, the Court finds an exemption to FOIA applies and that the redactions made as to

United States District Court

For the Northern District of California

15

the identities of the IRS employees were proper.

### e.    5 U.S.C. § 552(b)(7)(C)

Under 5 U.S.C. § 552(b)(7)(C), an agency may withhold information compiled for law enforcement purposes to the extent that its release "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  As noted above, the IRS engages in law enforcement functions through its civil and criminal enforcement of the IRC.  This exception is also subject to a balancing test, pitting public interest in disclosure against the individual's right to privacy.  *See Dept. Of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989); *SafeCard Servs.*, 926 F.2d at 1205; *L&C Marine Transport, Ltd. V. U.S.*, 740 F.2d 919, 922 (11th Cir. 1984).   Specifically, Defendants rely on a Supreme Court ruling that disclosure of a document under Section 552(b)(7)(C) turns on the nature of the requested document and its relationship to the goal of the FOIA, which is to open agency action to the light of public scrutiny.  *Reporters Comm.*, 489 U.S. at 772-773.  The statutory purpose of FOIA is not "fostered by disclosure of information about private citizens that accumulated in various government files but reveals very little or nothing about an agency's own conduct."  *Id.*

Defendants redacted employee identifying information such as names, initials, and employee identification numbers from three pages of the case history notes.  (Wilson Decl. at ¶ 20(d).)  The information consists of personal information regarding individual IRS agents assigned to the case and does not reveal anything about the agency's own conduct.  Plaintiff does not make a showing that disclosure of this information is in the public interest.   As a result, the balancing test weighs heavily in favor of protecting an individual's right to privacy.  Accordingly, the Court finds the redacted information is exempt from disclosure under FOIA.

### 4.    Internal Correspondence - 5 U.S.C. 552 § 552(b)(5), 5 U.S.C. § 552(b)(7)(A), and 5 U.S.C. §552(b)(7)(C)

Defendants are also withholding 83 pages in full and 54 pages in part consisting of correspondence between the revenue office and more senior IRS employees and other IRS divisions, describing issues that arose during the course of their investigation into George's financial resources.  (Wilson Decl. at ¶ 21.)  Defendants contend that the internal correspondence is exempt from disclosure under FOIA on four grounds.

16

United States District Court

For the Northern District of California

a.   **5 U.S.C. § 552(b)(5)**

As noted above, Section 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." *See* 5 U.S.C. § 552(b)(5). Defendants again assert that this subsection gives agencies the privileges developed in civil litigation discovery, including the governmental privilege doctrine. *See Weber Aircraft Corp.*, 465 U.S. at 799. The governmental privilege doctrine exempts pre-decisional materials that reflect the reflections, opinions, and analysis that constitute the deliberative process of an agency from disclosure. *See Sears Roebuck & Co.*, 421 U.S. at 148-49.

The internal correspondence withheld here consists, in whole or in part, of information containing the revenue officer's development and analysis of the evidence related to Plaintiff and the opinions and recommendations of various IRS personnel with respect to the direction of the investigation. (Wilson Decl. at ¶ 21.) Further, the information is pre-decisional given that the investigation is still ongoing.   The documents reflect the IRS's deliberative process including reflections, opinions, and analysis. (*Id.*) Accordingly, the Court finds that the exempted documents and redacted information are exempt from disclosure under FOIA.

b.   **5 U.S.C. § 552(b)(7)(A)**

As noted above, Section 552(b)(7)(A) authorizes the withholding of records or information compiled for law enforcement purposes to the extent that production of such records or information could reasonably be expected to interfere with enforcement proceedings. Also discussed *supra*, the IRS is a law enforcement agency and conducts both civil and criminal enforcement actions.

Defendants adduced that these documents, if released, would allow Plaintiff to craft explanations or defenses based on the revenue officer's analysis, rather than upon the facts as known to him. (Wilson Decl. at ¶ 21(b).) The release may also enable Plaintiff to conceal or disguise income and would generally interfere with the IRS's ability to determine Plaintiff's compliance with the tax laws during the course of an ongoing investigation. (*Id.*) The disclosure would interfere with collection efforts by giving Plaintiff insight into the thought processes and opinions of individual IRS employees who are involved in the collection process as well as the IRS attorneys assigned to provide counsel and advice about the ongoing activities. (*Id.*) Accordingly, for this

1    additional reason, the Court finds that the withheld internal correspondence is exempt from

2    disclosure under FOIA.

3           **c.      5 U.S.C. § 552(b)(7)(C)**

4           As noted above, Section 552(b)(7)(C) permits the withholding of information compiled for

5    law enforcement purposes to the extent that its release "could reasonably be expected to constitute

6    an unwarranted invasion of personal privacy" subject to the balancing test discussed *supra*.  Here,

7    Defendants redacted information regarding employee identifying names, initials, and employee

8    identification numbers from documents.  (Wilson Decl. at ¶ 21(c).)  Plaintiff has not made any

9    showing in favor of disclosure in the public interest while the individual IRS agents have a strong

10   interest in keeping this information private.   Further, the information does not reveal information

11   about the agency's conduct.  Accordingly, the Court finds that the redactions of the internal

12   correspondence was proper and exempt from disclosure under FOIA.

13          **5.      DIF Scores - 5 U.S.C. § 552(b)(7)(E)**

14          Defendant is also withholding 4 pages, in part, consisting of information related to

15   discriminant function system (DIF) scores.  (Wilson Decl. at ¶ 22.)  DIF scores are standards used by

16   the IRS as the primary method for selecting returns for further examination.  (*Id.* at ¶ 22-23.)  DIF

17   methodology is a mathematical classification technique commonly known in the statistical

18   community and has been adapted by the IRS to identify tax returns with a high probability of

19   significant change in reported tax liability if the return is subjected to examination.  (*Id.*)  Each

20   return is assigned a DIF scores, which is the sum of the various values and weights assigned to

21   different line items on a tax return.  (*Id.*)  Tax returns with a higher probability of significant tax

22   change above higher DIF scores and higher-scored returns tend to be examined first to ensure the

23   most efficient utilization of limited examination resources and potentially yield greater tax revenue.

24   (*Id.*)

25          As noted above, Section 552(b)(7)(E) provides:

26                  [R]ecords or information compiled for law enforcement purposes, but
                    only to the extent that the production of such law enforcement records
27                  or information ... would disclose techniques and procedures for law
                    enforcement investigations or prosecutions, or would disclose
28                  guidelines for law enforcement investigations or prosecutions if such
                    disclosure.

**United States District Court**
For the Northern District of California

5 U.S.C. § 552(b)(7)(E).

Defendants argues that the release of DIF scores would divulge a special investigative technique or procedure used by the IRS in selecting returns for audit and could reasonably be expected to enable Plaintiff to circumvent the internal revenue laws.  (Wilson Decl. at ¶ 24(a).) DIF scores are compiled for the purpose of enforcing internal revenue law and the release of DIF score system data would compromise the IRS's enforcement function.  Other courts have upheld an IRS determination to withhold DIF scores under Section 552(b)(7)(E).  *See Buckner*, 25 F.Supp 2d at 898-99 (upholding IRS's determination to withhold DIF scores and other investigative techniques as disclosure "would reveal a vulnerability in IRS procedures that could facilitate circumvention of payment of required taxes");  *Pully*, 939 F. Supp. At 438 (upholding IRS determination to withhold DIF scores); *Small*, 820 F. Supp. At 166 (upholding IRS determination to withhold DIF scores and other information concerning IRS tolerances and audit guidelines as disclosure would permit taxpayers to circumvent the tax laws by enabling them to tailor their returns to lower their DIF scores or stay within tolerances or guidelines).   Accordingly, the Court finds that the DIF scores are exempt from disclosure under FOIA.

> **6.    Information from Public and Private Sources Regarding Third Parties - 5 U.S.C. § 552(b)(7)(C)**

The IRS is also withholding 167 pages in full and 95 pages in part consisting of information obtained from public and private sources regarding individuals other than Plaintiff.  (Wilson Decl. at ¶ 25.)  Under 5 U.S.C. section 552(b)(7)(C), an agency may withhold information compiled for law enforcement purposes to the extent that its release "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  As noted above, the IRS engages in law enforcement functions through its civil and criminal enforcement of the IRC.  Again, the exception is subject to a balancing test, pitting public interest in disclosure against the individual's right to privacy.  *See Dept. Of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989); *SafeCard Servs.*, 926 F.2d at 1205; *L&C Marine Transport, Ltd. V. U.S.*, 740 F.2d 919, 922 (11th Cir. 1984).

The revenue officer assigned to investigate Plaintiff's case issued summonses and sent written requests to state and county officials as well as private organizations to obtain information

regarding individuals who may have a personal or business relationship with Plaintiff.  (Wilson Decl. at ¶ 25.)  The documents consist of bank records, property records, and Department of Motor Vehicles records of third party individuals.  (*Id.*)  The documents contain their names, addresses, social security numbers, account information, and other personal information.  (*Id.*)  The revenue officer also used Choicepoint, an online database of personal and financial information, to obtain information related to Plaintiff and information on property owned by Plaintiff.  (*Id.*)  These records also included names, addresses, dates of birth, social security numbers, and other personal information.  (*Id.*)  The revenue officer obtained additional records from the California Department of Motor Vehicles, which yielded information as to individuals with the same or similar names as that of the Plaintiff.  (*Id.*)  This information contains names, addresses, license numbers, and vehicle identification numbers of third party individuals.  (*Id.*)

The release of this information would constitute the disclosure of personal private data of third parties.  The mere appearance of this information in Plaintiff's file does not put the information into the public domain nor has Plaintiff shown any public interest in its disclosure.  The information redacted or exempted consists of personal data such as names, addresses, and social security numbers collected from public and private sources of third party individuals as part of an ongoing investigation into Plaintiff.  Any disclosure of this third party information would be an unwarranted invasion into their privacy and the balance weighs in favor of the individuals rights to privacy.  As such, this information is properly exempted from disclosure under FOIA.

///
///
///
///
///
///
///
///
///

///

## CONCLUSION

For the foregoing reasons, the Court **FINDS** that the IRS fully discharged its obligations under the FOIA by proving that it reasonably searched for responsive documents and properly withheld documents or redacted information under a valid exception.  As a result, Plaintiff's substantive FOIA claim fails and judgment shall be entered for Defendants.  For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: May_ 14_ 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

21